JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHRISTOPHER J. HAMILTON, and DOES 1 TO 10,<br><br>　　　　　Defendants. | Case No. SA CV 17-0749 JLS (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

　　The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

　　On April 26, 2017, Christopher J. Hamilton ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 2.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1

Simply stated, Plaintiffs could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiffs' unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, Plaintiffs' underlying complaint asserts a cause of action for unlawful detainer. [*See* Dkt. No. 1 at 7-9.] "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Investments, LLC v. John Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). In the Notice, Defendant contends that his answer raises a federal question as to whether Plaintiffs complied with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (*See* Notice at 2-3.) However, the referenced federal statute does not appear on the face of Plaintiffs' well-pleaded complaint, and thus may not serve as a basis for federal-question jurisdiction. [*See* Dkt. No. 1 at 7-9]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

//

//

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: April 28, 2017

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE